UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MICHAEL LANHAM, | CIVIL ACTION NO. 5:13-188-KKC |
|     Plaintiff, | |
| V. | **OPINION & ORDER** |
| METRO TOWING, LLC, | |
|     Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion by Defendant Metro Towing, LLC to amend its answer and file a counterclaim (DE 20). Plaintiff Michael Lanham objects on the grounds that the amendment would be futile as the counterclaim cannot survive a motion to dismiss for lack of subject-matter jurisdiction. For the following reasons, the motion to amend will be denied.

Michael Lanham seeks unpaid overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). He alleges in his complaint that during the course of his eleven-month employment at Metro Towing, Lanham's pay was decreased to such an extent that he no longer received compensation for some of the overtime hours he worked. Lanham brings only one count against Metro Towing, which is for recovery of the unpaid overtime compensation.

On April 25, 2014, Metro Towing filed a timely motion for leave to file an amended answer and counterclaim. The only change proposed to its answer is the addition of a counterclaim, which alleges that Lanham breached a contract in which he agreed to purchase and finance a Ford Explorer from Metro Towing. According to Metro Towing,

Lanham agreed to purchase the vehicle for $1,500, paid through monthly installments of $200. But Lanham failed to make a single payment, despite using the vehicle from May through November of 2012. Moreover, Metro Towing alleges that when it recovered the vehicle from the plaintiff in November, it was in "very poor condition." (DE 20-1, ¶ 9). Metro Towing seeks the fair rental value of the Explorer for the period of May until November, along with compensation for any damage to the truck beyond normal wear and tear.

"A motion to amend . . . should be denied if the amendment . . . would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Lanham contends that Metro Towing's proposed counterclaim is futile because the claim cannot survive a motion to dismiss for lack of subject-matter jurisdiction. The Court agrees and the motion to amend will be denied.

The problem for Metro Towing is that it has failed to assert any adequate grounds on which this Court could exercise jurisdiction over its state-law claims. Instead of addressing the jurisdictional issue squarely, Metro Towing states only that "[w]hile [the counterclaim] does not arise directly out of the Plaintiff's claim of failure to pay overtime it does affect the ultimate issue of who owes whom money in this situation." (DE 20, ¶ 3).

Lanham generously construed this statement as asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996)). Accordingly, this Court has subject-matter jurisdiction

over Metro Towing's state-law counterclaim only if it "derive[s] from a common nucleus of operative facts."

But as noted above, Metro Towing makes almost no attempt to establish such a basis for jurisdiction over its counterclaim. The only statement that might be construed as support for supplemental jurisdiction is its assertion that the counterclaim "affect[s] the ultimate issue of who owes whom money in this situation." (DE 20, ¶ 3). This is insufficient. It's clear that the claim raised by Metro Towing derives from a very different set of facts than the original FLSA suit brought by Lanham. Lanham contends that Metro Towing failed to compensate him for overtime wages, and Metro Towing contends that Lanham breached a contract for the sale of a vehicle by refusing to pay his monthly $200 installments. Metro Towing does not assert, as one might imagine, that it withheld overtime pay as part of the parties' agreement for Lanham to purchase the truck. Instead, the defendant alleges only that these claims are related because, to paraphrase, both parties contend that they owe each other money.

This cannot be a basis for supplemental jurisdiction. Accepting Metro Towing's argument would permit any defendant to file unrelated counterclaims without regard to the jurisdictional limitations of the federal courts. It is *always* true that when two parties bring suit against each other, the result of each action will determine "who owes whom money." This statement, while obviously true, says nothing about whether the claims are related or arise from a common nucleus of operative facts.

The Court finds that the defendant's proposed amended answer and counterclaim is futile as the counterclaim cannot withstand a motion to dismiss for lack of subject-matter jurisdiction. Accordingly, and for all of the above-stated reasons, **IT IS ORDERED** that the motion to file an amended answer and counterclaim (DE 20) is **DENIED**.

Dated this 26th day of June, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY